**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES HARPER,**
                   **Plaintiff,**

**-vs-**                                    **Case No. 6:05-cv-1233-Orl-DAB**

**ON TIME GLASS, INCORPORATED,**
**MICHAEL SPRINGMAN,**
                   **Defendants.**
_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 28)**
>
> **FILED:** May 8, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on May 9, 2005 with counsel for both parties present.

Based on the representations of counsel at the hearing, Plaintiff was employed by Defendants as an installer from November 2004 to February 2005 and paid at a piece rate for each installation. *See also* Doc. No. 16-2 at 2.  The extent of whether Plaintiff had sought a regular payment of wages or just walked off the job was much disputed by Defendant.  Plaintiff sought at least $864 for alleged unpaid wages and an uncalculated amount for what Plaintiff alleged was at least 25 hours of uncompensated overtime per week for eleven weeks.  *Id*.  According to Plaintiff's counsel, rigorous time records were not kept and Plaintiff intended to rely on witnesses who, ultimately, did not support Plaintiff's case as strongly as was initially believed.  The settlement to Plaintiff of $700 in unpaid wages represents nearly the full amount Plaintiff sought for unpaid wages, with nothing for the overtime that, in the end, was difficult to prove without adequate witness support.   The parties have agreed that Defendant will pay Plaintiff's attorneys $1,800 in attorney's fees and costs, which

Defendant stipulates is not unreasonable under the circumstances of this case; the Court finds this amount to be reasonable.

Settlement in the amount of $700 to Plaintiff for unpaid wages and liquidated damages, and $1,800 for attorney's fees is a fair and reasonable settlement.  The settlement is **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Clerk is directed to enter a final judgment dismissing the action with prejudice and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record